**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Yahtavion Carlieke Powell, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER ON MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT SENTENCE** |
| v. | ) | |
| | ) | Case No. 3:25-cv-122 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos. 3:19-cr-219; 3:19-cr-220 |
| | ) | |
| Yahtavion Carlieke Powell, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Petitioner Yahtavion Carlieke Powell moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 43 in case 3:19-cr-219 ("219"); Doc. 43 in case 3:19-cr-220 ("220").[1] The United States opposes the motion. Doc. 45. After careful review, the motion is denied.

## I.   BACKGROUND

In 2019, Powell was indicted in three separate cases for numerous firearms offenses. In 3:19-cr-218, Powell was charged with, among other things, being a felon in possession of a firearm in violation of U.S.C. § 922(g)(1). Doc. 33 at 1-2. In 3:19-cr-219, he was charged with another violation of § 922(g)(1). Id. at 2. Lastly, in 3:19-cr-220, Powell was charged again with a violation of § 922(g)(1). Id.

---

[1] Powell filed this § 2255 motion in two separate cases. Because the motions are identical, the Court only cites to one case.

A combined plea and sentence hearing for all three cases was held on September 11, 2020. Powell was sentenced to 120 months of incarceration. Doc. 38. Powell did not appeal. Powell then filed this § 2255 motion on May 27, 2025, alleging that his § 922(g)(1) convictions are unconstitutional based on the holding in New York State Rifle and Pistol Association v. Bruen, 597 U.S. 1 (2022). Doc. 43.

## II.     LEGAL STANDARD

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017).

A § 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is within the district court's discretion. See id.

## III.     DISCUSSION

As an initial matter, Powell's § 2255 petition is untimely. 28 U.S.C. § 2255(f) states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction becomes final . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable

to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Powell was sentenced on September 11, 2020. Doc. 38. <u>Bruen</u> was decided on June 23, 2022. Powell had until June 23, 2023 to file his petition but did not do so until May 2025. Doc. 325. Still, the Court finds Powell's claim is squarely foreclosed on the merits.

### A.      U.S.C. § 922(g)(1)

Powell argues the Court should vacate his convictions under U.S.C. § 922(g)(1) because the statute is unconstitutional. Doc. 43 at 1. Powell does not specify whether the challenge is on its face or as applied. He instead asserts the statute "violates his second amendment" and "imposes a far greater burden on the rights to keep and bear arms than the historical categorical exclusions . . . ." Doc. 43 at 1-2. Powell argues this unconstitutionality based on the holding in <u>New York State Rifle and Pistol Association v. Bruen</u>, 597 U.S. 1 (2022). <u>Id.</u>

<u>Bruen</u> invalidated a gun licensing law that required a "special need for self-defense" to obtain a permit to carry a gun in public. 597 U.S. at 11. The United States Supreme Court held the Second Amendment protects the rights of "ordinary, law-abiding citizens" to "carry a handgun for self-defense outside the home." <u>Id.</u> at 9-10. But <u>Bruen</u> also held this right is subject to "reasonable, well-defined restrictions." <u>Id.</u> at 70. In a subsequent case, the Supreme Court had "no trouble concluding" that § 922(g)(8) (which restricts people subject to domestic violence protection orders from possessing weapons) survived both a facial and as-applied constitutional challenge. <u>United States v. Rahimi</u>, 602 U.S. 680, 700 (2024).

Since <u>Bruen</u> and <u>Rahimi</u>, the Eighth Circuit has continued to hold that § 922(g)(1) is constitutional both on its face and as applied to convicted felons. <u>United States v. Jackson</u>, 110

F.4th 1120, 1126 (8th Cir. 2024), cert. denied. The Court is bound by that precedent in concluding that Powell's § 922(g)(1) convictions are constitutional.

### B.    Evidentiary Hearing

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). So, no hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After review of Powell's claim, the record decisively refutes the claim presented, or the allegations, even accepted as true, would not entitle him to relief. Dismissal without a hearing on the claim is warranted because no relevant factual dispute exists. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

## IV.    CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant case law. Powell's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 43 in 219 and Doc. 43 in 220) is **DENIED**.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability.

Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th

Cir. 1997). If Powell desires further review of his motion, he may request a certificate of

appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2025.

*/s/ Peter D. Welte*

Peter D. Welte, Chief Judge

United States District Court
